## IN THE CIRCUIT COURT FOR BALTIMORE CITY

DEBORAH PRICE
WILLIAM PRICE
607 PINE OAK AVENUE
EDGEWOOD, MD 21040

*on their own behalf and on behalf of
all others similarly situated,*

*Plaintiffs,*

v.

21ST MORTGAGE CORPORATION
620 MARKET STREET
KNOXVILLE, TN 37902

**Serve on:** CSC-LAWYERS INCORPORATING
SERVICE COMPANY
7 ST. PAUL STREET
SUITE 820
BALTIMORE MD 21202

*Defendant.*

2021 OCT 12  PM 2:40

CIVIL DIVISION

JURY TRIAL REQUESTED

Case No. _____

---

### CLASS ACTION COMPLAINT

Plaintiffs Deborah Price and William Price ("Named Plaintiffs" or "the Prices"), on their

own behalf and on behalf of all others similarly situated, by and through their attorneys Cory L.

Zajdel, Jeffrey C. Toppe, David M. Trojanowski, and Z Law, LLC hereby submit this Class Action

Complaint against Defendant 21st Mortgage Corporation ("21st Mortgage") and for support state

as follows:

## I.   PRELIMINARY STATEMENT

1.     Deborah and William Price institute this class action against 21st Mortgage on their own behalf and on behalf of all others similarly situated for 21st Mortgage's violations of their statutory and contractual obligations.

2.     The Prices seek declaratory relief under the *Maryland Declaratory Judgment Act*, Md. Code Ann., Cts. & Jud. Pro. § 3-406, to settle and obtain relief from uncertainty and insecurity with respect to the rights, status, and legal relations between the Named Plaintiffs, the members of the Classes (defined herein), and 21st Mortgage.

3.     The Prices also seek to recover for themselves, and for all others similarly situated, statutory damages, actual damages, treble damages, pre-judgment interest, and post-judgment interest against 21st Mortgage for its multiple breaches of contract and multiple violations of *Maryland's Credit Grantor Closed End Credit Provisions*, MD. CODE ANN., COMM. LAW §§ 12-1001 *et seq.* ("CLEC").

4.     21st Mortgage regularly enters into Retail Installment Sale Contracts ("RISCs") electing CLEC.

5.     21st Mortgage regularly charges an "Origination/Points Fee" ("Origination Fees") to its CLEC RISC customers.

6.     21st Mortgage regularly charges late fees ("Late Fees") prior to the time set forth in its CLEC RISCs.

7.     21st Mortgage regularly charges its CLEC RISC customers insurance premiums ("Insurance Premiums").

8.     21st Mortgage profits from the sale of insurance.

9. By charging its CLEC customers Origination Fees, Late Fees, and Insurance Premiums, 21st Mortgage deprived its CLEC RISC customers of valuable rights mandated by Maryland law and as stated in their CLEC RISCs.

10. By collecting Origination Fees, Late Fees, and Insurance Premiums from its CLEC customers, 21st Mortgage deprived its CLEC RISC customers of valuable rights mandated by Maryland law and as stated in their CLEC RISCs.

11. 21st Mortgage breached each CLEC RISC by *charging* Late Fees and Insurance Premiums to its CLEC RISC customers.

12. 21st Mortgage further breached each CLEC RISC by *collecting* Late Fees and Insurance Premiums from its CLEC RISC customers.

13. 21st Mortgage's repeated charges for and collection of Origination Fees, Late Fees, and Insurance Premiums makes this case particularly suitable for resolution through a class action lawsuit.

## II.   **JURISDICTION**

14. The Circuit Court of Maryland has jurisdiction over this case under MD. CODE ANN., CTS. & JUD. PROC. § 1-501.

15. The Circuit Court of Maryland has personal jurisdiction over Defendant 21st Mortgage pursuant to MD. CODE ANN., CTS. & JUD. PROC. § 6-103(1)-(3), as 21st Mortgage systematically and continually transacts business in Maryland, the case arises out of a transaction that took place within Maryland, 21st Mortgage contracts to supply goods or services in Maryland, files lawsuits in Maryland's State Court System, and holds liens on real property in Maryland and personal property located in Baltimore City.

### III.   PARTIES

16.     Plaintiff Deborah Price is a natural person currently residing at 607 Pine Oak Avenue, Edgewood, MD 21040 (Harford County, Maryland).

17.     Plaintiff William Price is a natural person currently residing at 607 Pine Oak Avenue, Edgewood, MD 21040 (Harford County, Maryland).

18.     Defendant 21st Mortgage is a Tennessee corporation doing business within this state and with its principle place of business located at 620 Market Street, Knoxville, TN 37902.

### IV.   FACTUAL ALLEGATIONS

19.     On or about February 3, 2017, Named Plaintiffs purchased a 2016 CMH 28 x 56 manufactured home (the "Vehicle") in Maryland.

20.     Named Plaintiffs' Vehicle has the vehicle identification number 0HC024672NCAB.

21.     Named Plaintiffs obtained financing for the purchase of the Vehicle through 21st Mortgage, which was memorialized in a RISC.

22.     The RISC affirmatively elects to be governed by CLEC.

23.     Named Plaintiffs purchased the Vehicle primarily for personal, family, and household purposes.

24.     Named Plaintiffs financed seventy-one thousand four hundred fifty-five dollars ($71,455.00) in the RISC.

25.     At the inception of the CLEC RISC, 21st Mortgage charged Named Plaintiffs two thousand six hundred thirty-eight dollars and eighty-four cents ($2,638.84) as an Origination Fee.

26.     21st Mortgage disclosed the Origination Fee as a prepaid finance charge.

27. At the inception of the loan, 21st Mortgage charged and collected Insurance Premiums from the Prices.

28. From time to time after the inception of the loan, 21st Mortgage charged and collected Insurance Premiums from the Prices.

29. 21st Mortgage acted as the insurance agent for the sale of insurance policies with effective dates starting on February 3, 2017, February 3, 2018, and October 27, 2019.

30. The February 3, 2017 insurance policy cost Named Plaintiffs nine hundred twenty-four dollars ($924.00).

31. The February 3, 2018 insurance policy cost Named Plaintiffs nine hundred twenty-four dollars ($924.00).

32. The October 27, 2019 insurance policy cost Named Plaintiffs two thousand nine hundred ninety-four dollars ($2,994.00).

33. Each time 21st Mortgage charged and collected Insurance Premiums from the Prices and acted as the insurance agent for the sale of insurance policies, 21st Mortgage retained a portion of the Insurance Premium.

34. 21st Mortgage profited from the sale of Insurance Premiums to the Prices each time 21st Mortgage acted as the insurance agent.

35. 21st Mortgage charged the first Late Fee to the Prices on October 17, 2018.

36. The Prices made a scheduled monthly payment to 21st Mortgage on October 24, 2018.

37. The Prices scheduled monthly payment to 21st Mortgage was not due under the CLEC RISC until October 15, 2018.

- 5 -

38.     The CLEC RISC provided the Prices a fifteen (15) day grace period after a missed payment prior to any late fee being assessed.

39.     21st Mortgage collected a portion of the October 17, 2018 Late Fee from the Prices.

40.     Throughout the life of the CLEC RISC, Named Plaintiffs made numerous payments to 21st Mortgage.

41.     21st Mortgage collected interest, costs, fees, or other charges from Named Plaintiffs on their CLEC RISC after charging and collecting the Origination Fee.

42.     21st Mortgage collected interest, costs, fees, or other charges from Named Plaintiffs on their CLEC RISC after charging and collecting premature and otherwise improper Late Fees.

43.     21st Mortgage collected interest, costs, fees, or other charges from Named Plaintiffs on their CLEC RISC after charging and collecting Insurance Premiums.

44.     As of July 18, 2021, 21st Mortgage claims that principal of approximately sixty-nine thousand two hundred three dollars and fifty-nine cents ($69,203.59) remains due on Named Plaintiffs' RISC.

45.     21st Mortgage continues to claim entitlement to interest, costs, fees, and other charges with respect to the CLEC RISC even after these CLEC violations.

## V.     CLASS ACTION ALLEGATIONS

46.     Named Plaintiffs bring this action on behalf of three Classes which consist of:

### Origination Fee Class

**All persons 1) who entered into a RISC with 21st Mortgage, where the RISC was governed by CLEC and 2) who were charged an Origination Fee by 21st Mortgage.**

### Late Fee Class

**All persons 1) who entered into a RISC with 21st Mortgage, where the RISC was governed by CLEC and 2) to whom 21st**

Mortgage charged and/or from whom 21st Mortgage collected a late fee.

**Insurance Premium Class**

**All persons 1) who entered into a RISC with 21st Mortgage, where the RISC was governed by CLEC and 2) who paid an insurance premium to 21st Mortgage for insurance coverage sold by 21st Mortgage.**

Excluded from the Classes are those individuals: (a) who now are or have ever been executives of the Defendant and the spouses, parents, siblings and children of all such individuals; (b) whose credit accounts were discharged in a bankruptcy; (c) whose credit account resulted in a money judgment prior to the date of the filing of this action; (d) whose credit accounts were satisfied more than six (6) months prior to the filing of this action (this exclusion applies only to Counts One, Two, Three, and Four); (e) who have not paid a Late Fee within four (4) years prior to the filing of this action (this exclusion applies only to Count Five); (f) who have not paid an Insurance Premium within four (4) years prior to the filing of this action where 21st Mortgage acted as the insurance agent (this exclusion applies only to Count Six); or (g) whose CLEC RISC included a lien on residential real property (this exclusion applies only to Count Two).

47. The Classes, as defined above, are identifiable. The Named Plaintiffs are members of each of the Classes.

48. Each Class consists, at a minimum, of twenty-five (25) borrowers and is thus so numerous that joinder of all members is clearly impracticable.

49. 21st Mortgage charged an Origination Fee to each Origination Fee Class member and the Origination Fee Class has requested declaratory relief with respect to the Class as a whole. MD. RULE 2-231(c)(2).

50. 21st Mortgage charged a Late Fee to each Late Fee Class member and the Late Fee

- 7 -

Class has requested declaratory relief with respect to the Class as a whole. MD. RULE 2-231(c)(2).

51.　21st Mortgage charged an Insurance Premium to each Insurance Premium Class member and retained a portion of that Insurance Premium and the Insurance Premium Class has requested declaratory relief with respect to the Class as a whole. MD. RULE 2-231(c)(2).

52.　There are questions of law and fact which are not only common to the Classes but which predominate over any questions affecting only individual class members. MD. RULE 2-231(c)(3).

53.　The common and predominating questions include, but are not limited to:

（a）Whether it is a violation of CLEC to charge an Origination Fee in connection with a CLEC RISC that is not secured by a lien on residential real property (Counts One and Two);

（b）Whether it is a violation of CLEC to charge a Late Fee prior to the expiration of the grace period after the due date contained in Class Members' CLEC RISCs (Counts One and Four);

（c）Whether it is a violation of CLEC to retain a portion of an Insurance Premium paid by Class Members (Counts One and Three);

（d）Whether it is a breach of a CLEC RISC to charge a Late Fee in connection with a CLEC RISC prior to the time set forth in the CLEC RISC (Counts One and Five);

（e）Whether it is a breach of a CLEC RISC to retain a portion of an Insurance Premium paid by Class Members in connection with a CLEC RISC (Counts One and Six);

       (f)  Whether 21st Mortgage charged Origination Fees, Late Fees, and Insurance Premiums to members of the Classes (all Counts);

       (g)  Whether 21st Mortgage collected Origination Fees, Late Fees, and Insurance Premiums from members of the Classes (all Counts); and

       (h)  Whether 21st Mortgage knowingly violated CLEC by charging Origination Fees, Late Fees, and Insurance Premiums.

54.     Claims of Named Plaintiffs are typical of the claims of the respective members of the Classes and are based on and arise out of similar facts constituting the wrongful conduct of 21st Mortgage.

55.     Named Plaintiffs will fairly and adequately protect the interests of the Classes.

56.     Named Plaintiffs are committed to vigorously litigating this matter.

57.     Further, Named Plaintiffs have secured counsel experienced in handling consumer class actions and complex consumer litigation.

58.     Neither Named Plaintiffs nor their counsel have any interests which might cause them not to vigorously pursue this claim.

59.     The common questions of law and fact enumerated above predominate over questions affecting only individual members of the Class. MD. RULE 2-231(c)(3).

60.     A class action is the superior method for fair and efficient adjudication of the controversy. MD. RULE 2-231(c)(3).

61.     The likelihood that individual members of the Classes will prosecute separate actions is remote due to the time and expense necessary to conduct such litigation.

62.     The likelihood that individual members of the Classes will prosecute separate actions is remote also because each individual claim involves a relatively small amount.

63.    Counsel for Named Plaintiffs and the Classes are experienced in class actions and foresee little difficulty in the management of this case as a class action.

## VI.    CAUSE OF ACTION

### COUNT ONE
### (DECLARATORY AND INJUNCTIVE RELIEF UNDER
### MD. CTS. & JUD. PROC. § 3-406)

64.    Named Plaintiffs re-allege and incorporate by reference the allegations set forth herein, and further allege:

65.    This claim for declaratory relief is brought under the Maryland Declaratory Judgment Act, Md. Code Ann., Cts. & Jud. Pro. § 3-406, to settle and obtain relief from uncertainty and insecurity with respect to the rights, status, and legal relations under the RISCs of the Named Plaintiffs, and of the Classes, under the consumer protections embodied in CLEC.

66.    21st Mortgage specifically and unequivocally incorporated the CLEC into Named Plaintiffs' and all Class Members' RISCs.

67.    21st Mortgage maintains it may charge and collect amounts from the Named Plaintiffs and the members of the Classes—including amounts for interest, costs, fees, and other charges—even though 21st Mortgage has violated CLEC and has charged and retained unlawful amounts to the Named Plaintiffs and members of the Classes at the inception of the loan and throughout the loan repayment period.

68.    The Named Plaintiffs and members of the Classes have received, and will continue to receive, collection notices from 21st Mortgage and/or debt collectors demanding payment of the alleged amounts due.

69.    21st Mortgage will continue to demand the repayment of interest, costs, fees, and other charges from the Named Plaintiffs and members of the Classes.

70.     Moreover, 21st Mortgage notifies credit reporting agencies (including Equifax, TransUnion, and Experian) of the alleged balances due, thereby damaging the credit scores and history of the Named Plaintiffs and members of the Classes. These practices continue and will continue unless and until this Court declares and affirms that 21st Mortgage may not collect any amounts for interest, costs, fees, or other charges from the Named Plaintiffs or members of the Classes, as set forth in CLEC § 12-1018(a)(2) and in accordance with the Named Plaintiffs or members of the Classes CLEC RISCs.

71.     This presents an actual, judiciable controversy between the parties relating to the construction of the RISCs of the Named Plaintiffs and of the members of the Classes, and the application of CLEC to those contracts, because 21st Mortgage has sought, or likely will seek, to collect amounts for interest, costs, fees, and other charges from the Named Plaintiffs and members of the Classes.

72.     21st Mortgage continues to harm the Named Plaintiffs and members of the Classes by doing so, and by reporting false and derogatory information to credit reporting agencies regarding the accounts in question.

73.     The Named Plaintiffs and members of the Classes have the right to be free from 21st Mortgage's attempts to collect illegal amounts from them.

74.     The benefits to the Named Plaintiffs and members of the Classes in obtaining a declaration and/or injunction outweigh any potential harm 21st Mortgage would incur as a result of a declaration and/or injunction, under the balance of convenience test, as 21st Mortgage has no valid legal or contractual right to collect amounts in addition to the principal amounts of the loan of the Named Plaintiffs or members of the Classes, and the Named Plaintiffs and members of the Classes would greatly benefit from being relieved of 21st Mortgage's attempts to collect these

illegal amounts and to pressure them into making payments.

75.     The Named Plaintiffs and members of the Classes will suffer irreparable injury unless the requested declaration and/or injunction is granted, as 21st Mortgage will continue to attempt to collect, and will collect, amounts from them in violation of the law, and 21st Mortgage will report erroneous and derogatory information to the credit reporting agencies regarding the Named Plaintiffs and members of the Classes based on the illegally imposed charges.

76.     The public interest is best served by granting the requested declaration and/or injunction, as the public has a compelling interest in preventing 21st Mortgage from violating the statutory and common law of the State of Maryland in its credit and collection practices, and a compelling interest in seeing the laws of the State of Maryland obeyed.

77.     The Named Plaintiffs and members of the Classes are likely to succeed on the merits of this action, as CLEC explicitly restricts credit grantors from charging or collecting any "loan fees, points, finder's fees, or other charges" in the case of a loan to a consumer borrower, unless "[t]he loan is secured by a lien on residential real property." CLEC § 12-1005(a)(2)(ii). As neither the Named Plaintiffs loan nor the loans of the members of the Origination Fee Class are secured by a lien on residential real property, 21st Mortgage violated these straightforward requirements of the law it chose to govern its transaction with the Named Plaintiffs and members of the Origination Fee Class by charging Origination Fees.

78.     Additionally, the Named Plaintiffs and members of the Classes are likely to succeed on the merits of this action, as CLEC explicitly restricts credit grantors from collecting certain fees from consumer borrowers, unless the fees are "actual and verifiable expense[s] of the credit grantor not retained by him[.]" 21st Mortgage served as both the credit grantor and the insurance agent for the Named Plaintiffs and members of the Insurance Premium Class. Because 21st Mortgage served

as the insurance agent, it retained fees, and profited from the sale of insurance to the Named Plaintiffs and members of the Insurance Premium Class, in violation of CLEC § 12-1005(d)(1). 21st Mortgage retained at least 35% of the Named Plaintiffs' and members of the Insurance Premium Class' annual insurance premium, as a commission. Because 21st Mortgage served as the insurance agent, it retained fees, and profited from the sale of insurance to the Named Plaintiffs and each of the Insurance Premium Class Members, and thus further violated these straightforward requirements of the law it chose to govern its transaction with the Named Plaintiffs and members of the Insurance Premium Class by profiting off the sale of insurance to the Named Plaintiffs and members of the Insurance Premium Class.

79.    Finally, the Named Plaintiffs and members of the Classes are likely to succeed on the merits of this action, as CLEC 12-1008(b) prohibits the assessment of any late fees unless permitted by the RISC. Named Plaintiffs' RISC and the RISCs of members of the Late Fee Class specified that payments would become due on the 15th of every month, and that if "a payment is more than 15 days late, Borrower will be charged 5% of the amount of such payment." 21st Mortgage repeatedly charged and/or collected late fees prior to the time allowed in the Named Plaintiffs' RISC and the RISCs of the members of the Late Fee Class, and thus further violated these straightforward requirements of the law it chose to govern its transaction with the Named Plaintiffs and members of the Late Fee Class by charging improper Late Fees to the Named Plaintiffs and members of the Late Fee Class.

80.    CLEC was in effect at the time Named Plaintiffs' and all other Class Members' RISCs were signed.

## COUNT TWO
### (MARYLAND CREDIT GRANTOR CLOSED END CREDIT PROVISIONS – CLEC § 12-1005(a)(2)(ii))

81.     Named Plaintiffs re-allege and incorporate by reference the allegations set forth herein, and further allege:

82.     CLEC restricts credit grantors from charging or collecting any "loan fees, points, finder's fees, or other charges" in the case of a loan to a consumer borrower, unless "[t]he loan is secured by a lien on residential real property." CLEC § 12-1005(a)(2)(ii).

83.     Named Plaintiffs' loan is not secured by a lien on residential real property.

84.     Class Member loans for members of the Origination Fee Class are not secured by a lien on residential real property.

85.     21st Mortgage charged Named Plaintiffs Origination Fees.

86.     21st Mortgage charged the Origination Fee Class Origination Fees.

87.     21st Mortgage collected Origination Fees from Named Plaintiffs.

88.     21st Mortgage collected Origination Fees from the Origination Fee Class.

89.     21st Mortgage intentionally charged Named Plaintiff and the Origination Fees Class Origination Fees.

90.     21st Mortgage's CLEC violations were undertaken knowingly.

## COUNT THREE
### (MARYLAND CREDIT GRANTOR CLOSED END CREDIT PROVISIONS – CLEC § 12-1005(d)(1))

91.     Named Plaintiffs re-allege and incorporate by reference the allegations set forth herein, and further allege:

92.     CLEC § 12-1005(d)(1) prohibits credit grantors from collecting certain fees from consumer borrowers, unless the fees are "actual and verifiable expense[s] of the credit grantor not

retained by him[.]"

93.     21st Mortgage served as both the credit grantor and the insurance agent for the Named Plaintiffs.

94.     The Named Plaintiffs obtained insurance through 21st Mortgage, and paid insurance premiums to 21st Mortgage.

95.     Because 21st Mortgage served as the insurance agent, it retained fees, and profited from the sale of insurance to the Named Plaintiffs, in violation of CLEC § 12-1005(d)(1).

96.     21st Mortgage retained at least 35% of the Named Plaintiffs' annual insurance premium, as a commission, where 21st Mortgage served as the insurance agent.

97.     21st Mortgage served as both the credit grantor and the insurance agent for each of the Insurance Premium Class Members.

98.     The Insurance Premium Class Members obtained insurance through 21st Mortgage, and paid insurance premiums to 21st Mortgage.

99.     Because 21st Mortgage served as the insurance agent, it retained fees, and profited from the sale of insurance to each of the Insurance Premium Class Members.

100.    21st Mortgage retained at least 35% of the Insurance Premium Class Members' annual insurance premiums, as a commission, where 21st Mortgage served as the insurance agent.

101.    21st Mortgage intentionally charged Named Plaintiff and the Insurance Premium Class Members Insurance Premiums.

102.    21st Mortgage intentionally retained a portion of the Named Plaintiffs' and the Insurance Premium Class Members' Insurance Premiums.

103.    21st Mortgage's CLEC violations were undertaken knowingly.

- 15 -

## COUNT FOUR
## (MARYLAND CREDIT GRANTOR CLOSED END CREDIT PROVISIONS – CLEC § 12-1008)

104. Named Plaintiffs re-allege and incorporate by reference the allegations set forth herein, and further allege:

105. CLEC § 12-1008 provides that a credit grantor may charge late fees as long as the loan permits the imposition of such late fees.

106. The Named Plaintiffs' RISC specified that payments would become due on the 15th of every month, and that if "a payment is more than 15 days late, Borrower will be charged 5% of the amount of such payment."

107. 21st Mortgage repeatedly charged and/or collected late fees prior to the time allowed in the Named Plaintiffs' RISC.[1]

108. 21st Mortgage repeatedly charged and/or collected late fees prior to the time allowed in the Class Members' RISCs.

109. 21st Mortgage's CLEC violations were undertaken knowingly.

## COUNT FIVE
## (BREACH OF CONTRACT)

110. Named Plaintiffs re-allege and incorporate by reference the allegations set forth herein, and further allege:

111. 21st Mortgage specifically and unequivocally elected CLEC as the controlling law in its RISCs with Named Plaintiffs and all Class Members.

---

[1] Despite the Named Plaintiffs making timely payments for most of the transactions, 21st Mortgage charged the Named Plaintiffs a late fee on 10/17/2018, 11/19/2018, 1/17/2019, 2/18/2019, 3/18/2019, 4/17/2019, 5/20/2019, 6/17/2019, 7/17/2019, 8/19/2019, 9/17/2019, 10/17/2019, 11/18/2019, 12/17/2019, 1/17/2020, 2/17/2020, 3/17/2020, 4/17/2020, 5/18/2020, 6/17/2020, 7/17/2020, 8/17/2020, 9/17/2020, 10/19/2020, 11/17/2020, 12/17/2020, 1/18/2021, 2/17/2021, 3/17/2021, 4/19/2021, 5/17/2021, and 7/19/2021.

- 16 -

112. 21st Mortgage specifically and unequivocally incorporated the CLEC into Named Plaintiffs' and all Class Members' RISCs.

113. The provisions of the CLEC became a part of the RISCs just as if the parties expressly included the CLEC provisions in their RISCs.

114. When 21st Mortgage charged and collected Late Fees from its CLEC RISC customers as set forth herein, 21st Mortgage materially breached its RISCs with Named Plaintiffs and all Class Members.

115. As a result of 21st Mortgage's material breach of contract with Named Plaintiffs and all Class Members, Named Plaintiffs and all Class Members have been damaged.

116. Named Plaintiffs and all Class Members have been deprived of the substantial rights granted to them by CLEC and under their RISCs as set forth above.

117. Named Plaintiffs and all Class Members have sustained damages by paying for Late Fees that 21st Mortgage was not contractually entitled to charge.

## COUNT SIX
### (BREACH OF CONTRACT)

118. Named Plaintiffs re-allege and incorporate by reference the allegations set forth herein, and further allege:

119. 21st Mortgage specifically and unequivocally elected CLEC as the controlling law in its RISCs with Named Plaintiffs and all Class Members.

120. 21st Mortgage specifically and unequivocally incorporated the CLEC into Named Plaintiffs' and all Class Members' RISCs.

121. The provisions of the CLEC became a part of the RISCs just as if the parties expressly included the CLEC provisions in their RISCs.

122. When 21st Mortgage charged and collected Insurance Premiums from its CLEC

RISC customers as set forth herein, 21st Mortgage materially breached its RISCs with Named Plaintiffs and all Class Members.

123. As a result of 21st Mortgage's material breach of contract with Named Plaintiffs and all Class Members, Named Plaintiffs and all Class Members have been damaged.

124. Named Plaintiffs and all Class Members have been deprived of the substantial rights granted to them by CLEC and under their RISCs as set forth above.

125. Named Plaintiffs and all Class Members sustained damages by paying for Insurance Premiums to 21st Mortgage where 21st Mortgage retained a portion of the Insurance Premium.

## PRAYER FOR RELIEF

WHEREFORE, Named Plaintiffs respectfully pray that this Court:

A. assume jurisdiction of this case;

B. enter an order certifying the Class under Maryland Rule 2-231(c)(2) and (c)(3);

C. enter an order declaring that 21st Mortgage violated CLEC § 12-1005(a)(2)(ii) by charging an Origination Fee to the Named Plaintiffs and members of the Origination Fee Class (Count One and Count Two);

D. enter an order declaring that 21st Mortgage violated CLEC § 12-1005(d)(1) by serving as the insurance agent for Named Plaintiffs and members of the Insurance Premium Class by charging Insurance Premiums, and profiting from the sale of insurance to the Named Plaintiffs and Insurance Premium Class (Count One and Count Three);

E. enter an order declaring that 21st Mortgage violated CLEC 12-1008(c) by charging Late Fees earlier than allowed by the Named Plaintiffs' CLEC RISC and the CLEC RISCs of the Late Fee Class Members (Count One and Count Four);

- 18 -

F.    enter an order declaring that 21st Mortgage may not collect any interest, fees, costs, or other charges with respect to the loan account of the Named Plaintiffs and the members of the Classes (Count One, Count Two, Count Three, Count Four, Count Five, and Count Six);

G.    enter an order granting the Named Plaintiffs and members of the Classes a preliminary and permanent injunction, prohibiting 21st Mortgage from collecting or attempting to collect interest, fees, costs, charges, or other amounts (Count One, Count Two, Count Three, Count Four, Count Five, and Count Six);

H.    enter an order declaring the total principal and remaining balance, if any, on Named Plaintiffs and members of the Classes' loans (Count One, Count Two, Count Three, Count Four, Count Five, and Count Six);

I.    enter an order requiring 21st Mortgage to refund to Named Plaintiffs and members of the Classes all amounts collected by 21st Mortgage in excess of the principal (Count One, Count Two, Count Three, Count Four, Count Five, and Count Six);

J.    enter an order awarding Named Plaintiffs and each Class Member the civil remedies in accordance with CLEC § 12-1018(b) (Count Two, Count Three, Count Four, Count Five, and Count Six);[2]

---

[2] Under Count Two, Named Plaintiffs are seeking $7,916.52, which amounts to three times the amount of the Origination Fee collected by 21st Mortgage. Under Count Three and Count Six, Named Plaintiffs are seeking $14,526.00. which amounts to three times the amount of the Insurance Premiums collected by 21st Mortgage where 21st Mortgage was the insurance agent. Under Count Four and Count Five, Named Plaintiffs are seeking $39.96, which amounts to three times the amount of the Late Fees collected by 21st Mortgage as of July 19, 2021.

K.      enter an order requiring 21st Mortgage to refund to Named Plaintiffs and members

of the Late Fee Class all Late Fees collected by 21st Mortgage (Count Five);[3]

L.      enter an order requiring 21st Mortgage to refund to Named Plaintiffs and members

of the Insurance Premium Class all Insurance Premiums collected by 21st Mortgage

where 21st Mortgage also acted as the insurance agent (Count Six);

M.     enter an award of pre-judgment and post-judgment interest on all sums awarded to

Named Plaintiffs and the Classes (Count Two, Count Three, Count Four, Count

Five, and Count Six);[4] and

N.      award such other relief as the court deems appropriate.

Respectfully submitted,

Z LAW, LLC

Dated: October 8, 2021

/s/   **Cory L. Zajdel**
Cory L. Zajdel, Esq. (CPF #0412150442)
Jeffrey C. Toppe, Esq. (CPF #1412180230)
David M. Trojanowski, Esq. (CPF #1412180233)
2345 York Road, Suite B-13
Timonium, Maryland 21093
(443) 213-1977
clz@zlawmaryland.com
jct@zlawmaryland.com
dmt@zlawmaryland.com

**Attorneys for Named Plaintiffs**

---

[3] The actual damages sought in Counts Five and Six are alternative to the damages sought under CLEC § 12-1018(b) for Counts Three, Count Four, Count Five, and Count Six (*see* Footnote 2). Under Count Five, Named Plaintiffs are seeking $4,842.00 in actual damages, which amounts to the total amount of Insurance Premiums collected by 21st Mortgage where 21st Mortgage was the insurance agent. Under Count Six, Named Plaintiffs are seeking $13.32 in actual damages, which amounts to the total amount of the Late Fees collected by 21st Mortgage as of July 19, 2021.

[4] The total damages Named Plaintiffs seek to recover whether through declaratory relief, injunctive relief, statutory damages, or actual damages exceeds $75,000.00.

FILED
COURT FOR
BALTIMORE CITY

**IN THE CIRCUIT COURT FOR BALTIMORE CITY**

2021 OCT 18 PM 2:41

DEBORAH PRICE
WILLIAM PRICE,

CIVIL DIVISION

on their own behalf and on behalf of
all others similarly situated,

Plaintiffs,

v.

Case No. _____

21ST MORTGAGE CORPORATION,

Defendant.

## DEMAND FOR JURY TRIAL

Named Plaintiffs on behalf of themselves and all others similarly situated demand trial by

jury on all issues so triable.

    /s/   **Cory L. Zajdel**
Cory L. Zajdel